**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
378 N. Main Ave.
Tucson, AZ 85702-0710

       Plaintiff,

  v.

FEDERAL RAILROAD
ADMINISTRATION,
1200 New Jersey Avenue, SE
Washington, DC 20590

       Defendant.

Civil Action No.: 16-2308

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     In this action, the Center for Biological Diversity ("Center") – an environmental conservation organization that works to protect native wildlife species and their habitats, including from oil and gas development and activities – challenges the Federal Railroad Administration's ("FRA") failure to disclose public records related to the hazards of carrying liquefied natural gas ("LNG") by rail in Alaska.  Specifically, the FRA is in violation of the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA"), in connection with a FOIA request which the Center filed with the FRA on February 9, 2016 ("FOIA Request") to obtain records related to the agency's decision to approve the Alaska Railroad Corporation's application to carry LNG containers by rail.

2.     The Center submitted the FOIA Request to assess, and to inform its members and supporters and the public about, the risks associated with the FRA's approval of LNG transport

by rail, which poses grave risks to local communities and the environment from this

unprecedented transport of LNG, a highly volatile fossil fuel.

3.      Since the Center submitted the FOIA Request nearly 10 months ago, aside from

assigning it tracking number FOIA-16-141, the FRA has largely ignored the FOIA Request.

4.      The FRA has repeatedly failed to provide an estimated date of completion of a

determination on the Center's FOIA Request, and has failed to provide any records that are

responsive to the Center's FOIA Request.

5.      The FRA is unlawfully withholding responsive records from the Center by failing

to comply with FOIA's statutory deadlines.

6.      The FRA's refusal to release records regarding its approval of the Alaska Railroad

Corporation's application to carry LNG containers by rail directly contravenes FOIA's policy of

government transparency.

7.      Because prompt access to these records is necessary to effectuate FOIA's

purpose, the Center seeks declaratory relief establishing that the FRA has violated FOIA, or

alternatively, the APA.

8.      The Center also seeks injunctive relief directing the FRA to provide it with all

responsive records without any further delay.

## **JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory

Judgment Act, 28 U.S.C. § 2201.

10.    Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, and because a portion of the responsive records may be found in this district.

11.    Declaratory relief is appropriate under 28 U.S.C. § 2201.

12.    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13.    Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 48,500 members.  The Center and its members are harmed by the FRA's violations of FOIA, or alternatively the APA, because such violations preclude the Center from gaining access to public records concerning the FRA's decision to approve the Alaska Railroad Corporation's application to carry LNG containers by rail.

14.    Defendant FEDERAL RAILROAD ADMINISTRATION is an agency within the U.S. Department of Transportation that is charged with, among other things, promulgating and enforcing railroad safety regulations and conducting research and development to improve railroad safety and national rail transportation policy.  The FRA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The FRA is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint.

## STATUTORY BACKGROUND

15.     FOIA's basic purpose is to facilitate government transparency.  It establishes the

public's right to access all federal agency records unless such records may be withheld pursuant

to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

16.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive

a request for records pursuant to FOIA.  Specifically, an agency must determine whether to

disclose responsive records and notify the requester of its determination within 20 business days

of receiving a FOIA request, and it must make records "promptly" available unless it can

establish that certain unusual circumstances are present and/or that it may lawfully withhold

records, or portions thereof, from disclosure.  *Id.* §§ 552(a)(3)(A), (a)(6).  Also within 20

business days, the agency must inform the requester that it has a right to appeal the agency's

determination.  *Id.* § 552(a)(6)(A)(i).

17.     FOIA places the burden on the agency to prove that it may withhold responsive

records from a requester.  *Id.* § 552(a)(4)(B).

18.     Congress has specified the limited circumstances in which federal agencies may

obtain more time to make the determination that FOIA requires in 5 U.S.C. § 552(a)(6)(A)(i).

19.     First, an agency may toll the 20 business-day deadline for up to 10 additional days

to seek additional information from a requester.  *Id.* § 552(a)(6)(A)(ii).

20.     Second, an agency may extend the 20 business-day deadline for an additional 10

business days by giving a written notice to the requester that sets forth "unusual circumstances"

that justify a deadline extension, and providing the date by which the agency expects to make the

determination.  *Id.* § 552(a)(6)(B).  However, when invoking such "unusual circumstances," the

agency must provide the requester "an opportunity to limit the scope of the request so that it may

be processed within" 20 business days or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

21.     FOIA requires each agency to make "reasonable efforts to search for records" in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

22.     FOIA mandates a policy of broad disclosure of government records and requires federal agencies to expeditiously disclose requested records.  *See id.* § 552.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

23.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus created nine categories of exemptions. *Id.* § 552(b).  These exemptions, however, must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

24.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

25.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA.  The APA confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside

any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## STATEMENT OF FACTS

### Alaska Railroad Corporation's Transport of LNG by Rail

26.     On information and belief, in 2014, the independent, state-owned Alaska Railroad Corporation applied to the FRA for approval to carry LNG by rail.

27.     In October 2015, the Alaska Railroad Corporation became the first railroad in the nation to receive a permit from FRA to transport LNG by rail.  FRA did not provide public notice or comment on the permit application, nor has FRA publicly disclosed the environmental or safety hazards of its action.

28.     In September 2016, the Alaska Railroad Corporation became the first in the U.S. to ship LNG by rail.  The Alaska Railroad Corporation's freight train began hauling more than 7,000 gallons of natural gas in 40-foot long cryogenic tanks, which are chilled down to negative 260 degrees Fahrenheit, on a 350-mile journey on a flatcar from the Anchorage rail yard to Fairbanks, Alaska.

29.     On information and belief, the rail shipment began at the Titan LNG facility near Anchorage, where the tanks were filled with fuel from Alaska's Cook Inlet before being hauled by truck to the city's rail yard.  The LNG containers were loaded onto a railroad flatcar and transported by freight train as part of the company's northbound overnight shipment to Fairbanks.

30.     The train transports LNG in Alaska's two largest cities, Anchorage and Fairbanks, where a vast majority of residents live.  The railway also transits through biologically rich and

sensitive habitats.  The rail crosses rivers such as the Susita and Tanana Rivers, and it transverses Denali National Park and Preserve.

31.     This transport of LNG threatens the safety of people that live near the railway as well as the habitats and wildlife along the corridor.

32.      If an LNG by rail explosion were to occur, it would likely be catastrophic because if rail cars that are strung together were to ignite, the fireball could be far larger than the blast from a truck carrying a single LNG tank.

33.     Indeed, LNG facilities and oil trains have deadly histories of explosions. Alaskans are therefore being put at risk by this shipment of a volatile, compressed fossil fuel by rail, and the public deserves to know more about the environmental and safety consequences of LNG by rail in Alaska and the apparent plan to expand the country's fossil fuel infrastructure.

34.     The Center filed its FOIA Request with the FRA to learn more about the implications of the Alaska Railroad Corporation's actions, but aside from a single form acknowledgement email, has received no further response.

**FOIA Request: FOIA-16-141**

35.     On February 9, 2016, the Center submitted its FOIA Request via electronic mail to the FRA, at FRAFOIA@dot.gov.  The Center requested all records regarding the FRA's decision to approve the Alaska Railroad Corporation's application to carry LNG containers by rail, including but not limited to the following: (1) Alaska Railroad Corporation's application to carry LNG containers by rail; (2) all records used in the FRA's decision-making process to approve Alaska Railroad Corporation's application to carry LNG containers by rail; (3) all records created pursuant to section 7 of the Endangered Species Act, 7 U.S.C. §§ 1531-1544 ("ESA") including biological opinions, letters of concurrence, drafts of those documents, and/or

communications concerning the FRA's approval of the application to carry LNG containers by rail; (4) all records created pursuant to the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ("NEPA") concerning the FRA's approval of the application to carry LNG containers by rail; and (5) all records indicating LNG shipments by volume and locations since the approval of the application to carry LNG containers by rail.

36.     The Center submitted its FOIA Request to understand why the FRA approved the Alaska Railroad Corporation's application to carry LNG containers by rail, to evaluate possible environmental impacts from that decision, to assess the agency's compliance with environmental and safety laws, and to safeguard the Center's interests in biodiversity and the protection of wildlife.

37.     In a letter dated February 19, 2016, the FRA acknowledged the FOIA Request, which it referenced as FRA File No. FOIA-16-141.

38.     On June 17, 2016, after 83 business days had passed with no further response from the FRA, the Center sent a letter notifying the FRA of its violations of FOIA, requesting an estimated date of completion for a determination on the FOIA Request, and offering to assist the FRA in making a determination on the FOIA Request.

39.     On July 5, 2016, the undersigned called and left a voicemail with the FRA to inquire about the status of the request, but the FRA did not return that call.

40.     On July 15, 2016, the undersigned called and left a second voicemail with the FRA to inquire about the status of the request, but the FRA did not return that call.

41.     On July 18, 2016, the undersigned called and left a third voicemail with the FRA to inquire about the status of the request, but the FRA did not return that call.

42.     On July 27, 2016, the undersigned called and left a fourth voicemail with the FRA to inquire about the status of the request.  The FRA emailed the Center that day stating that the request was in process.

43.     On September 1, 2016, after an additional 27 business days, the Center sent a second letter dated August 30, 2016, again notifying the FRA of its violations of FOIA, requesting an estimated date of completion for a determination on the FOIA Request, and offering to assist the FRA in making a determination on the FOIA Request.

44.     On September 28, 2016, the Center sent an email to the FRA notifying it that the agency had not acknowledged the letter of August 30, 2016, or provided any response whatsoever.  The Center also requested an estimated date of completion of a determination on the FOIA Request.

45.     To date, despite the Center's repeated efforts, the FRA failed to provide any records that are responsive to the Center's FOIA Request.

46.     Despite repeated requests for an estimated date of completion of a determination, as required by FOIA, 5 U.S.C. § 522(a)(6)(B)(i), the FRA has repeatedly failed to provide an estimated date of completion of a determination on the Center's FOIA Request.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### The FRA Failed to Comply with 5 U.S.C. § 552(a)(7)(B)(ii) (Estimated Completion Date)

47.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

48.     Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "[e]ach agency shall … establish a telephone line or Internet service that provides information about the status of a request to the

person making the request … including an estimated date on which the agency will complete

action on the request."

49.     The Center repeatedly asked the FRA for an estimated date of completion of a

determination on its FOIA Request, and in so doing, invoked 5 U.S.C. § 552(a)(7)(B)(ii).

50.     The FRA has repeatedly failed to provide an estimated date of completion of a

determination on the Center's FOIA Request.

51.     The Center's organizational activities have been adversely affected by the FRA's

violations of FOIA's requirement that the FRA provide an estimated date of completion of a

determination on a FOIA request.

<strong><u>SECOND CLAIM FOR RELIEF</u></strong><br><strong><u>VIOLATION OF THE FREEDOM OF INFORMATION ACT</u></strong>

<strong><u>The FRA's Pattern, Practice, and Policy of Violating the Estimated Completion Date</u></strong><br><strong><u>Requirement Mandated by FOIA</u></strong>

52.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

53.     The FRA's failure to provide any estimated date of completion of a final

determination on the Center's FOIA Request represents an ongoing policy, practice, or standard

operating procedure ("SOP").

54.     A policy, practice, or SOP of refusing to provide estimated dates of completion to

requesters is a violation of FOIA.  5 U.S.C. § 552(a)(7)(B)(ii).  Such a practice constitutes a

failure to adequately respond for purposes of the broad equitable powers provided by FOIA to

the Court.

55.     The Center is injured by the FRA's pattern and practice of disregarding FOIA's

requirement to provide an estimated date of completion of a determination on its FOIA Request.

56.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FRA in the foreseeable future.

57.     The Center's organizational activities will be adversely affected if the FRA is allowed to continue violating FOIA's requirement to provide an estimated date of completion of a determination on its FOIA Request, as it has in this case.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### The FRA Violated the Determination Deadline Mandated by FOIA

58.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

59.     The Center has a statutory right to a final determination from the FRA on its FOIA Request in a manner that complies with FOIA.  The FRA violated the Center's rights in this regard by unlawfully delaying its determination on the Center's FOIA Request beyond the deadlines that FOIA mandates, 5 U.S.C. § 552(a)(6)(A)(i), (ii).

60.     The Center's organizational activities will be adversely affected if the FRA is allowed to continue violating FOIA's determination deadlines as it has in this case.

61.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FRA will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### The FRA Unlawfully Withheld Records Responsive to the Center's FOIA Request

62.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63.     The Center has a statutory right to the records it seeks, and there is no legal basis for the FRA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  *See* 5 U.S.C. § 552(b)(1)-(9).

64.     The FRA violated the Center's rights in this regard by failing to comply with FOIA's determination deadlines and by withholding records that are responsive to the FOIA Request.

65.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FRA in the foreseeable future.

66.     The Center's organizational activities will be adversely affected if the FRA continues to violate FOIA's disclosure provisions as it has in this case.

67.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FRA will continue to violate the Center's rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### The FRA Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

68.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

70.     The FRA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the FOIA Request.

71.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FRA in the foreseeable future.

72.     The Center's organizational activities will be adversely affected if the FRA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

73.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FRA will continue to violate the Center's rights to receive public records under FOIA.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fifth Claims)**

**The FWS's Violations of FOIA's Statutory Requirements Constitutes Agency Action**
**Unlawfully Withheld or Unreasonably Delayed**

74.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

75.     The FRA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to:  (1) provide the Center with an estimated date of completion of a determination on its FOIA Request; (2) issue a timely final determination on the Center's FOIA Request; (3) provide the Center with records that are responsive to its FOIA Request, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (4) provide the Center with reasonably segregable portions of records which may be subject to an exemption.  The FRA's failures constitute agency action that is unlawfully withheld and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

76.     Alternatively, the FRA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to:  (1) provide the Center with an estimated date of completion of a determination on its FOIA Request; (2) issue a timely final

determination on the Center's FOIA Request; (3) provide the Center with records that are

responsive to its FOIA Request, which are not within the scope of any of FOIA's exemptions to

mandatory disclosure; and (4) provide the Center with reasonably segregable portions of records

which may be subject to an exemption.  The FRA's failures constitute agency action

unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

77.     As alleged above, the FRA's failure to comply with the mandates of FOIA has

injured the Center's interests in public oversight of governmental operations and is in violation

of its statutory duties under the APA.

78.     The Center has suffered a legal wrong as a result of the FRA's failure to comply

with the mandates of FOIA.  As alleged above, the FRA violated its statutory duties under the

APA and injured the Center's interests in public oversight of governmental operations.

79.     The Center has no other adequate remedy at law to redress the violations noted

above.

80.     Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Sixth Claims)

### The FRA's Violations of FOIA's Statutory Requirements Is Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law

81.     Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

82.     The FRA violated FOIA's statutory mandates, consequent to its repeated failure

and refusal to:  (1) provide the Center with an estimated date of completion of a determination on

its FOIA Request; (2) issue a timely final determination on the Center's FOIA Request; (3)

provide the Center with records that are responsive to its FOIA Request, which are not within the

scope of any of FOIA's exemptions to mandatory disclosure; and (4) provide the Center with reasonably segregable portions of records which may be subject to an exemption. By repeatedly violating FOIA's statutory mandates, the FRA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

83.     As alleged above, the FRA's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

84.     The Center has suffered a legal wrong as a result of the FRA's failure to comply with the mandates of FOIA. As alleged above, the FRA violated its statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

85.     The Center has no other adequate remedy at law to redress the violations noted above.

86.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

87.     Order Defendant to provide Plaintiff with all records that are responsive to its FOIA Request by a date certain.

88.     Declare that Defendant's failure to provide Plaintiff with an estimated date of completion of a determination on its FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(ii), or alternatively, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

89.     Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

90.     Declare that Defendant's failure to disclose the requested records to Plaintiff is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

91.     Declare that Defendant's failure to provide the Center with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

92.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

93.     Grant such other and further relief as the Court may deem just and proper.

DATED:  November 21, 2016                    Respectfully submitted,


                                        */s/ Margaret E. Townsend*
                                        Margaret E. Townsend (OR Bar No. 144463)
                                        *Pro hac vice admission pending*
                                        Center for Biological Diversity
                                        P.O. Box 11374
                                        Portland, OR 97211-0374
                                        (971) 717-6409
                                        mtownsend@biologicaldiversity.org

*/s/ Catherine W. Kilduff*
Catherine W. Kilduff (D.C. Bar No. 1026160)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
(202) 780-8862
ckilduff@biologicaldiversity.org

*Attorneys for Plaintiff*